UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUANDELL HICKMAN,<br><br>                              Plaintiff,<br><br>          -against-<br><br>CITY OF NEW YORK; JOHN DOE NYPD;<br>JOHN DOE ADA,<br><br>                              Defendants. | 25-CV-8860 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Sing Sing Correctional Facility, brings this action *pro se*. Plaintiff paid the filing fees for this action.

Plaintiff alleges that a proposed settlement agreement offered to him by the City of New York Office of the Comptroller was never finalized, and he sues a John Doe police officer and John Doe Assistant District Attorney (ADA) for claims arising from an arrest that did not end in a conviction. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint against a governmental entity or employee, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges that his claims arose on or about January 26, 2023, at the "Manhattan court." (ECF 1 at 1.) At some point, Plaintiff had been arrested for a crime he did not commit. "No police work or investigation was done." (*Id.*) Plaintiff asserts that he was "prov[en] innocent, and charges [were] dropped." (*Id.* at 4.)

Plaintiff states that the NYC Comptroller (Brad Lander) offered him an $8,000 settlement in connection with claim number 2023PI028113; Plaintiff was represented by counsel in connection with the claim. It is unclear if the settlement proposal related to the January 26, 2023 incident or to some other matter. Plaintiff alleges that he "wrote back numerous times" seeking a "carve out" from the release for certain pending litigation. Plaintiff attaches a letter written to the Comptroller's Office requesting that the release exclude cases in unspecified courts with the

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

following numbers: 2024PI008125, 155601/2024, 21-CV-2616, 24-CV-2082, and 24-CV-1754. Plaintiff also attaches a copy of the proposed release, on which he has handwritten that he wishes to exclude from the release "[a]ll claims in the Southern District of New York," and he lists docket numbers that are different from those in his letter: 24-CV-3421 (VSB), 24-CV-02082 (RA) (OTW), and 24-CV-1754 (LJL). Plaintiff states that he never received a reply from the Comptroller's Office, though he "gave time" because he knew that Comptroller Lander had a political campaign running for Mayor of New York. [2]

Plaintiff asserts that he suffered, among other things, "false imprisonment, false arrest," and he seeks $100,000 in damages. He names John Doe Police Officer, John Doe ADA, and the City of New York as defendants.

**DISCUSSION**

**A.      Claims against John Does**

Plaintiff asserts claims for false arrest and false imprisonment. He alleges that his claims arose at the Manhattan Court on or about January 26, 2023. Plaintiff makes conflicting allegations, stating both that he was proven innocent and that the charges against him were dropped.

Plaintiff's allegations are insufficient to identify Defendants John Doe Police Officer and John Doe ADA and to explain how either defendant was personally involved in the events giving rise to Plaintiff's claims. It is unclear when or where Plaintiff was arrested, on what charges, or whether there was a warrant for his arrest. The allegations regarding the "Manhattan court" appear to relate to the prosecution of criminal charges against Plaintiff, rather than being the date

---

[2] The letter to the Comptroller lists Plaintiff's address at Sing Sing Correctional Facility but does not include his prisoner identification number, which is generally required for mail to be delivered to an incarcerated person.

of the allegedly wrongful arrest. Although it appears that Plaintiff was ultimately vindicated, he does not allege facts about when or how he was taken into custody, or facts suggesting that his arrest and detention were wrongful.[3]

1.    False arrest

A claim for false arrest under Section 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted)).

---

[3] The Supreme Court has clarified that the favorable termination element of a claim for malicious prosecution does not require a plaintiff to allege an affirmative indication of innocence – only that the criminal proceeding ended without a conviction. *Thompson v. Clark* , 596 U.S. 36, 39 (2022).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *see also Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest").

Put another way, police officers may have had probable cause to arrest if they acted reasonably, even if they were mistaken. Plaintiff's allegations against John Doe police officer, which do not offer any information about the circumstances of the arrest, are insufficient to state a claim under these standards. Plaintiff's false arrest claim against John Doe police officer is therefore dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2.    Prosecutorial Immunity

It is unclear what claim Plaintiff brings against John Doe ADA. Plaintiff does not plead facts describing what occurred or facts showing how John Doe ADA allegedly violated his rights. Plaintiff's allegations regarding John Doe ADA are therefore insufficient to comply with Rule 8 and are dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Because the Court, below, grants Plaintiff leave to replead, the Court sets forth the standards for prosecutorial immunity. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

## B.    Claims against City of New York

Plaintiff's claim against the City of New York appears to relate to the failure to finalize a settlement agreement. Plaintiff states that he received a settlement offer from the NYC Comptroller, made a counterproposal that certain matters be excluded from the release, and did not receive a response. It therefore appears from the allegations of the complaint that Plaintiff may not have entered into a settlement agreement with the City of New York in connection with his claim under number 2023PI028113.[4] It is unclear what claim Plaintiff seeks to assert against

---

[4] Plaintiff seems to suggest that he was represented by counsel Illisa Brownstein. It is unclear from the allegations of the complaint whether she had discussions about concluding a

the City of New York in connection with these allegations. He has not alleged, for example, that the City of New York breached any settlement agreement that had been concluded. Plaintiff's allegations that the City of New York did not conclude a settlement agreement with him on the terms that he proposed fail to state a claim on which relief can be granted and are dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

First, Plaintiff must name as the defendants in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the statute of limitations period and a plaintiff is responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Second, in the "Statement of Claim" section of the amended complaint form, Plaintiff must

---

settlement agreement or whether she litigated on Plaintiff's behalf the false arrest claims raised in this complaint in some other forum.

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) **a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;**

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

### CBJC LAW CLINIC

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details for incarcerated litigants is attached.[6]

---

[6] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

**CONCLUSION**

Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and prosecutorial immunity, and the Court declines to exercise supplemental jurisdiction of any state law claims.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-8660 (LLS). An Amended Complaint form and CBJC flyer are attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted and prosecutorial immunity, and the Court will decline to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.

SO ORDERED.

Dated:    February 2, 2026
          New York, New York

_____*Louis L. Stanton*_____
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                        State                Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                     State                     Zip Code

Defendant 2:

First Name                     Last Name                     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                     State                     Zip Code

Defendant 3:

First Name                     Last Name                     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                     State                     Zip Code

Defendant 4:

First Name                     Last Name                     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                     State                     Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6