UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUANDELL HICKMAN,<br><br>Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; JOHN DOE NYPD OFFICERS; COMPTROLLER OF NEW YORK BRAD LANDER,<br><br>Defendants. | 25-CV-8860 (LLS)<br><br>ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Sing Sing Correctional Facility, brings this action *pro se*.[1] By order dated February 3, 2026, the Court dismissed Plaintiff's complaint and granted him leave to file an amended complaint. On March 24, 2026, Plaintiff filed an amended complaint.

In his amended complaint, Plaintiff brings claims, under 42 U.S.C. § 1983, for false arrest, malicious prosecution, abuse of process, and unconstitutional conditions of confinement. He may also be asserting state or common law claims. Plaintiff sues former New York City Comptroller Brad Lander, the City of New York, and an unspecified number of John Doe New York Police Department (NYPD) officers or detectives. For the reasons set forth below, the Court dismisses the amended complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

[1] Plaintiff paid the filing fees for this action.

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint against a governmental entity or employee, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the amended complaint.[2] Plaintiff alleges that his claims arose on January 26, 2023, at 100 Center Street in New York, New York (ECF 8 at 4), which houses the New York City Probation Department and New York County Criminal Court. Plaintiff alleges that, on that date, he was "falsely arrested, imprisoned, and maliciously

[2] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the amended complaint unless noted otherwise.

prosecuted based upon lies told by the NYPD police officers, John Does 1-6, and the failure of other officers to intervene." (*Id.*)

Plaintiff was charged with "attempted assault, assault, harassment, reckless driving, menacing, possession of [a] weapon, [and] reckless endangerment based on an incident that allegedly occurred on Jan. 8, 2023." (*Id.*) Plaintiff alleges that he did not do any of these things and that no weapon was recovered "on or near" him. (*Id.*)

At Plaintiff's arraignment, the court ordered that he be released on his own recognizance, and he was released from detention, after having been held for 33 hours. (*Id.* at 5.) Plaintiff thereafter attended four court hearings, and on June 27, 2023, the criminal charges were dismissed, and the action was sealed.

Plaintiff alleges that he was "offered a settlement by Brad Lander that was not honored." (*Id.*)[3]

Plaintiff sues NYC Comptroller Lander, the City of New York, and an unspecified number of John Doe NYPD officers. Plaintiff asserts federal claims for "unlawful seizure, false arrest and imprisonment, malicious prosecution, abuse of process, . . .[and] unconstitutional

[3] In his original complaint, Plaintiff stated that the NYC Comptroller Lander offered him an $8,000 settlement in connection with claim number 2023PI028113. Plaintiff "wrote back numerous times" seeking a "carve out" from the release for certain pending litigation. Plaintiff attached a letter written to the Comptroller's Office requesting that the release exclude cases in unspecified courts with the following numbers: 2024PI008125, 155601/2024, 21-CV-2616, 24-CV-2082, and 24-CV-1754. Plaintiff also attached to that complaint a copy of the proposed release, on which he had handwritten that he wished to exclude from the release "[a]ll claims in the Southern District of New York," and he listed the following docket numbers, which are different from the proposed exclusions in his letter: 24-CV-3421 (VSB), 24-CV-02082 (RA) (OTW), and 24-CV-1754 (LJL). Plaintiff stated that he never received a reply from the Comptroller's Office, though he "gave time" because he knew that Comptroller Lander had a political campaign running for Mayor of New York.

conditions of confinement," and may also be bringing state and common law claims. (*Id.*) He seeks $100,000 in damages. (*Id.*)

**DISCUSSION**

**A. False Arrest**

A claim for false arrest under Section 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"). To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012).

"[A]n unlawful arrest made pursuant to an arrest warrant sounds not in false arrest but in malicious prosecution." *Assegai v. Bloomfield Bd. of Ed.*, 165 F. App'x 932, 934-35 (2d Cir. 2006) (citing *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995)).

Where "an arrest is not made pursuant to a judicial warrant, the defendant in a false arrest case bears the burden of proving probable cause as an affirmative defense." *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (citing *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010)). A plaintiff generally is not required to plead facts negating an affirmative defense. *Abbas*, 480 F.3d at 640. However, a false arrest claim arising from a warrantless arrest can be dismissed based on probable cause if the plaintiff alleges facts in the complaint showing that the officers had probable cause. *See Silver v. Kuehbeck*, 217 F. App'x 18, 22 (2d Cir. 2007).

Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly*

*v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest").

Here, Plaintiff alleges that on January 26, 2023, at 100 Center Street in New York, New York, he was falsely arrested "based upon lies told by the NYPD police officers, John Does 1-6, and the failure of other officers to intervene." (ECF 8 at 4.) The arrest was based on an "incident that allegedly occurred on Jan. 8, 2023." (*Id.*) Plaintiff contends that he did not engage in the illegal activity that he was charged with and that no weapon was recovered "on or near" him. (*Id.*)

It is unclear from these allegations who allegedly lied and when or what was said. Plaintiff might be alleging, for example, that officers who were present on January 8, 2023, made false statements in an application for an arrest warrant, and that later he was arrested at the New York City Criminal Court based on such warrant. Or he may be alleging that NYPD officers present on January 26, 2023, made false statements that were connected to his arrest on that date; it is also unclear who should have intervened and why. In short, Plaintiff's allegations do not provide a short and plain statement putting defendants on notice of the claim against them, and the allegations are therefore insufficient to comply with Rule 8.[4] *See, e.g.*, *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (the "central purpose of a complaint is to provide the defendant with notice of the claims asserted against" the defendant). Plaintiff's false arrest claim

[4] In addition, the information is insufficient to identify the officers who allegedly violated Plaintiff's rights, and the Court therefore cannot direct the New York City Law Department to identify these John Doe defendants.

against John Doe NYPD Officers must therefore be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). As explained below, the Court grants Plaintiff a final opportunity to replead this claim.

**B. Malicious prosecution**

The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002)*. Such a claim does not accrue until there is a favorable termination of the plaintiff's criminal proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994); *Thompson v. Clark*, 596 U.S. 36, 39 (2022) ("To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction.").

Here, Plaintiff's allegations may suffice to plead the favorable termination element, given that he alleges that his prosecution ended without a conviction. The remaining allegations, however, are insufficient to put defendants on notice of the nature of the malicious prosecution claim against them. Plaintiff does not include facts showing how the officers initiated or continued a wrongful prosecution. Plaintiff alleges that he was arrested and criminally charged "based upon lies told by the NYPD police officers" but he does not include facts about what occurred, such as whether officers allegedly lied in a warrant application or some other situation. Plaintiff's allegations are therefore insufficient to comply with Rule 8, and the Court dismisses

his malicious prosecution claim for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915A(b)(1), with leave to replead.

## C. Abuse of Process

"While malicious prosecution concerns the improper issuance of process,'[t]he gist of abuse of process is the improper use of process after it is regularly issued.'" *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994). To state a claim of abuse of process under section 1983, a plaintiff must allege facts showing that a defendant: "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Id.*

Plaintiff has not alleged facts showing how any defendant engaged in improper use of process. Although he states that NYPD officers "lie[d]" (ECF 8 at 4), Plaintiff does not provide facts about what occurred. Plaintiff's allegations are therefore insufficient to comply with Rule 8, and the Court dismisses his abuse-of-process claim for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915A(b)(1), with leave to replead.

## D. Conditions of Confinement

A pre-arraignment arrestee may establish a claim for allegedly unconstitutional conditions of confinement, under the applicable Fourteenth Amendment standard, "by showing that the officers acted with deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). The arrestee must allege that: (1) the denial was "sufficiently serious to constitute an objective deprivation of the right to due process," *id.* at 30; and (2) the defendant either "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition

posed an excessive risk to health or safety," *id.* at 35 (relying on *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

Although Plaintiff asserts a claim for unconstitutional conditions of confinement, the Court is unable to determine from the facts alleged where Plaintiff was confined, the conditions to which he objects, or against whom the claim is asserted. Based on these allegations, the Court cannot determine whether the challenged conditions are sufficiently serious or whether any defendant acted with the requisite intent. Plaintiff thus fails to state a claim on which relief may be granted for alleged deliberate indifference to unconstitutional conditions of confinement, and the Court dismisses this claim, 28 U.S.C. § 1915A(b)(1), with leave to replead.

**E. City of New York**

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones*

*v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).[5]

Here, it is unclear what claims Plaintiff asserts against the City of New York. Insofar as Plaintiff seeks to hold the City of New York responsible for the alleged conduct of NYPD officers, Plaintiff has not alleged facts showing either the existence of a municipal policy, custom, or practice, or facts showing a violation of his constitutional rights. Plaintiff thus fails to state a Section 1983 claim against the City of New York for a violation of his rights under federal law or the U.S. Constitution. Plaintiff's Section 1983 claim against the City of New York is therefore dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**F. NYC Comptroller Brad Lander**

In his original complaint, Plaintiff alleged that he filed a claim with the NYC Comptroller about an unspecified matter, that he received a settlement offer from the NYC Comptroller, made a counterproposal that certain legal matters be excluded from the release, and that he did not receive a response. In his amended complaint, Plaintiff sues former NYC Comptroller Lander alleging that he was "offered settlement by Brad Lander that was not honored." (ECF 8 at 5.) Plaintiff does not allege that he had concluded a settlement agreement with the NYC Comptroller, a breach of which might give rise to a state law claim for breach of contract or be

---

[5] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

enforceable by a mandamus to compel compliance. Instead, Plaintiff alleges that he was offered a settlement agreement that "was not honored," which suggests that no agreement was ever concluded.

First, such allegations do not state a claim for a violation of Plaintiff's rights under federal law. The NYC Comptroller had no duty to enter into a settlement agreement on terms that Plaintiff proposed. Second, although the Court does not reach the merits of any state-law claim, the Court notes that Plaintiff cannot assert a breach of contract claim if he never had an agreement. Moreover, the NYC Comptroller had no duty to enter into a settlement agreement on terms that Plaintiff proposed. Plaintiff's Section 1983 claim against former New York City Comptroller Lander is therefore dismissed for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915A(b)(1), with leave to replead.

**G. State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend and has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court grants Plaintiff a final opportunity to amend his complaint to provide facts about how each defendant violated his rights. As previously explained, the second amended complaint should include:

a) the names and titles of all relevant people;

**b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each defendant's actions, and the general location where each event occurred;**

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CBJC LAW CLINIC

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be

scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details for incarcerated litigants is attached.[6]

## CONCLUSION

Plaintiff's federal claims are dismissed for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1), and the Court declines to exercise supplemental jurisdiction of any state law claims, 28 U.S.C. § 1367(c)(3).

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 25-CV-8660 (LLS). A Second Amended Complaint form and CBJC flyer are attached to this order.

No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the federal claims will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline to exercise supplemental jurisdiction of any state law claims.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: October 1, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

[6] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________________

______________________________________________
Write the full name of each plaintiff.

_____CV_______________
(Include case number if one has been assigned)

-against-

**SECOND AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes ☐ No

______________________________________________

______________________________________________

______________________________________________

______________________________________________
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________

First Name Middle Initial Last Name

______________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________

Current Place of Detention

______________________________

Institutional Address

______________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

____________________ ____________________

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Prison Address

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ____________

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## HOW TO ACCESS OUR SERVICES

For assistance, please reach out to us via mail at:

**Thurgood Marshall Federal Courthouse**
**CBJC Pro Se Legal Assistance Project**
**40 Foley Sq LL22**
**New York, NY 10007.**

Upon receipt of your letter, we will follow up with application materials.

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self- represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project **assists incarcerated litigants** on a variety of federal legal issues, including 1983 matters, civil rights cases, and others.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist individuals by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including mediation)